IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                               No. CR 96-717 MV

JOHNNY SANDIA,

    Defendant.


## MEMORANDUM OPINION AND ORDER

**IN THIS MATTER** the parties ask the Court to revisit the constitutionality of the Religious Freedom Restoration Act (RFRA), the former 42 U.S.C. §§ 2000bb et seq., despite the recent ruling by the United States Supreme Court in <u>City of Boerne v. P.F. Flores, Archbishop of San Antonio</u>, 117 S.Ct. 2157 (1997), striking this statute as unconstitutional.  The United States and Mr. Sandia assert that the reasoning of <u>City of Boerne</u> permits the continued applicability of RFRA to the federal government.  This Court disagrees, concluding that a fair reading of that decision does not allow the parties to succeed on their claim.

### Background

The United States is prosecuting Defendant Johnny Sandia for alleged violations of the Migratory Bird Treaty Act, 16 U.S.C. § 703 et seq. (1997), the Bald and Golden Eagle Protection Act, 16 U.S.C. § 668 (1985), and the Lacey Act, 16 U.S.C. § 3371 et seq. (1997), including illegal possession and sale of a Golden Eagle skin and feathers and body parts from various other protected bird species.  A Jemez Pueblo member, Mr. Sandia has adopted with the Court's permission a motion

in a related case, United States v. Leonard Magdalena, No. Cr. 96-722 MV where Mr. Magdalena raised a First Amendment defense to his prosecution for violations of certain wildlife protection statutes. Mr. Sandia, therefore, now claims that a still-valid portion of RFRA shields him from prosecution. Both the United States and Mr. Sandia maintain that City of Boerne did not affect the applicability of RFRA to the federal government. Upon this Court's request for supplemental briefing the United States has filed a brief and Mr. Sandia a short concurrence.

Regardless of whether Mr. Sandia could show that his prosecution burdens his free exercise of religion, see United States v. Hugs, 109 F.3d 1375, 1378 (9th Cir. 1997), applying RFRA to Mr. Sandia's prosecution would handicap the United States beyond what the law otherwise requires. Under RFRA as enacted by Congress, the United States may not, with a law of general applicability, substantially burden a person's free exercise of religion unless the government can demonstrate that this burden is in furtherance of a compelling governmental interest and that the government's action is the least restrictive means of furthering that interest. City of Boerne, 117 S.Ct. at 2162. Requiring the government "to show a compelling interest and show that it has adopted the least restrictive means of achieving that interest is the most demanding test known to constitutional law." Id. at 2171. Absent RFRA, "neutral, generally applicable laws may be applied to religious practices even when not supported by a compelling governmental interest." Id. at 2161, citing Employment Div., Dept. of Human Resources of Oregon v. Smith, 494 U.S. 872 (1990). Nevertheless, the United States is leading the charge in trying to persuade this Court to distinguish City of Boerne.

The United States offers various arguments in support of its position. First, the United States asserts that Congress, in enacting RFRA, did so both under Section 5 of the Fourteenth Amendment and under Article I, Section 8 of the United States Constitution. The United States then concludes

that because City of Boerne only considered Congress' authority under the Fourteenth Amendment, and did not discuss Congress' Article I powers, that decision left intact the portion of RFRA that applies to the federal government.

Pursuing this line of reasoning, the United States then suggests that since Congress enacted RFRA partially under its Article I power, the proper test for the constitutionality of RFRA as it applies to the federal government and wildlife protection statutes is the deferential rational basis test. The United States then asserts that since Congress has the power under the Commerce Clause to protect wildlife, and under Missouri v. Holland, 252 U.S. 416 (1919), to enforce migratory bird treaties through appropriate legislation, Congress also has the power to "mandate that the wildlife conservation laws be respectful of religious exercise." United States Brief at 9.

Third, the United States maintains that RFRA respects the separation of powers between the constituent branches of the federal government, even if City of Boerne ruled that RFRA violated the separation of powers between the federal and state governments. The United States alleges that RFRA does not attempt to usurp the Supreme Court's authority to construe the parameters of the Free Exercise Clause; rather, RFRA simply affords more protection than the constitutional floor that the Supreme Court has set.

Lastly, the United States reaches back to Lemon v. Kurtzman, 403 U.S. 602 (1971), to argue that RFRA is consistent with the Establishment Clause.

## Discussion

City of Boerne arose as a result of a challenge by the Archbishop of San Antonio, Texas to the City's ordinance governing building in a historic district. When the city denied a building permit, the Archbishop took the matter to federal court, and lost. P.F. Flores v. City of Boerne, 877 F. Supp.

355 (W.D. Tex. 1995).  The Fifth Circuit Court of Appeals, on interlocutory appeal, reversed, finding RFRA constitutional.  <u>Flores v. City of Boerne</u>, 73 F.3d 1352 (5th Cir. 1996). The Supreme Court reversed again, holding that "the judgment of the Court of Appeals sustaining the Act's constitutionality is reversed."  <u>City of Boerne</u>, 117 S.Ct. at 2172.

The Supreme Court began its analysis with a discussion of RFRA's reason for being: Congress' dissatisfaction with the Court's ruling in <u>Smith</u>, 494 U.S. 872.  <u>City of Boerne</u>, 117 S.Ct. at 2160-62.  The Court went on to discuss extensively Congressional power under the Fourteenth Amendment, <u>id.</u> at 2162-70, and expressly recognized that "Congress relied on its Fourteenth Amendment power in enacting the most far reaching and substantial of RFRA's provisions, those which impose its requirements on the states."  <u>Id.</u> at 2162.  There is no question, then, that the bulk of the Court's reasoning considered the proper scope of Congress's Fourteenth Amendment power.

While the Supreme Court took a thorough look at the Fourteenth Amendment in its decision, it did not overlook separation of power principles embedded in our system of government.  Both in the beginning of its opinion and at its end, the Court discussed the responsibilities of each branch of government.  <u>Id.</u> at 2162, 2172.  Even before launching on its lengthy analysis of the Fourteenth Amendment's Section 5, the Court reminded us of the tension between the legislative and judicial branches, where "[t]he judicial authority to determine the constitutionality of the laws, in cases and controversies, is based on the premise that the 'powers of the legislature are defined and limited; and that those limits may not be mistaken, or forgotten, the constitution is written.'"  <u>Id.</u> at 2162, <u>quoting</u> <u>Marbury v. Madison</u>, 1 Cranch 137, 176, 2 L.Ed. 60 (1803).  At the conclusion of <u>City of Boerne</u>, the Court more pointedly explained the dual basis for its ruling:  "Broad as the power of Congress is under the Enforcement Clause of the Fourteenth Amendment, RFRA contradicts vital principles

necessary to maintain separation of powers and the federal balance." City of Boerne, 117 S.Ct. at 2172.  City of Boerne stands, therefore, in part for the proposition that in setting out to replace the constitutional test of Smith with one demanding higher scrutiny, Congress impermissibly crossed into the judiciary's Article III territory.[1]

In light of these passages from City of Boerne the Court disagrees with the United States' and Mr. Sandia's assertion that RFRA is not wholly unconstitutional and has continued vitality when applied to the federal government.  There is sufficient language in City of Boerne for this Court to find that the Supreme Court struck RFRA regardless of whether Congress enacted it pursuant to Article I or the Fourteenth Amendment.  Consequently, the United States' second argument, linking Congress' supposed power to enact RFRA with its power under the Migratory Bird Treaty Act, must also fail.  Because of its reading of City of Boerne, this Court can no more examine this unitary construction theory of the statutes than it can revisit the constitutionality of RFRA.  With respect to the contention that RFRA is still viable because it only provides more protection than the Supreme Court had otherwise established under the First Amendment, this Court notes that this argument explicitly appeared in the Fifth Circuit opinion that the Supreme Court reversed.  Flores v. City of Boerne, 73 F.3d at 1361.  It is clear, then, that the Supreme Court rejected this argument through its discussion of Congress' remedial, rather than substantive power under the Fourteenth Amendment.

---

[1] The Fifth Circuit Court of Appeals acknowledged, although it rejected, this view of Congress' purposes in enacting RFRA.  The court noted:
> We will not pretend that RFRA is anything but a direct response to the Supreme Court's decision in Smith.  Indeed, Congress' announced purpose was to "'turn the clock back' to the day before Smith was decided."  H.R. Rep. No. 88, 103d Cong., 1st Sess. 15 (1993) (statement of Rep. Hyde).  Moreover, RFRA speaks in terms familiar to constitutional adjudication.  To pass muster under RFRA, applicable laws must further a "compelling governmental interest" and be the "least restrictive means" of furthering that interest.  This is a statutory rule, but it is a rule mandating a process rejected by Smith.

Flores v. City of Boerne, 73 F.3d 1352, 1362 (5th Cir. 1996) (quotations in original), rev'd, 117 S.Ct. 2157.

Likewise, while the Fifth Circuit devoted three paragraphs to the question of the relationship between RFRA, the Establishment Clause, and the Lemon test, id. at 1364, the Supreme Court made no mention of this issue. It is not for this Court to consider it again. As a matter of law, Mr. Sandia may not assert the Religious Freedom Restoration Act as a defense to his prosecution.

**THEREFORE,**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss–First Amendment, as adopted from United States v. Leonard Magdalena, No. Cr. 96-722 MV, be, and hereby is, **denied**.

UNITED STATES DISTRICT JUDGE

December 22, 1997